UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS CORNELL JACKSON,

             Plaintiff,

v.

HEATHER POWELL, *et al.*,

             Defendants.

_____/

Case No. 1:18-cv-466

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 by plaintiff Douglas Cornell Jackson, a state prisoner at a Michigan Department of Corrections (MDOC) facility.   This matter is now before the Court on defendants' motion for summary judgment based on failure to exhaust (ECF No. 23).

## I.      Background

Plaintiff has filed a 261-paragraph complaint.   In screening the complaint, the Court observed that plaintiff's action "appear[s] to concern every matter with which Plaintiff has been unhappy between the date he was transferred to ICF [Ionia Correctional Facility] (March 13, 2018), and the date he filed his complaint (April 24, 2018)."   Opinion (ECF No. 6, PageID.149). In his complaint, plaintiff sued MDOC Director Heidi Washington, and the following ICF Officials: Prison Counselor Heather Powell; Correctional Officers (COs) Brant [Brandt], Lahr, Elliot, Watkins, and Simon; and Sgts. Conklin and Salinas.

The Court dismissed most of plaintiff's claims on initial screening. Many of plaintiff's claims alleged problems with accessing his legal property, which the Court construed as alleged interference accessing the courts. Opinion (ECF No. 6, PageID.160-164). The Court dismissed these claims because plaintiff failed "to allege facts demonstrating that any Defendant's actions affected his right to access the courts in any of his pending actions." *Id.* at PageID.164.

Next, the Court dismissed plaintiff's claims that Counselor Powell interfered with, or failed to respond to, his grievances. *Id.* at PageID.164-165. The Court also dismissed plaintiff's claim that he suffered an injury because Powell denied his requests for large envelopes to organize his legal materials. *Id.* at PageID.165.

Next, the Court dismissed plaintiff's alleged Eighth Amendment violations which involved, among other things, harassment and temporary deprivations of hygiene items, exercise yard, and laundry service. *Id.* at PageID.166-170.

Next, the Court dismissed plaintiff's claims that a number of defendants' actions violated his Due Process rights. *Id.* at PageID.170-171.

Next, the Court dismissed plaintiff's claims that prison officials violated his First Amendment rights and Due Process rights when they used a fluoroscope to scan his legal mail. *Id.* at PageID.171-175.

Next, the Court dismissed plaintiff's claims that defendants violated his rights under the Equal Protection Clause. *Id.* at PageID.178-180.

Finally, the Court identified 12 claims of alleged retaliation. For purposes of this Report, the undersigned has assigned numbers in brackets to identify these claims:

Plaintiff alleges that all Defendants except Defendants Washington and Simon retaliated against him for filing grievances and lawsuits against various

correctional officers.    Plaintiff complains about the following allegedly retaliatory acts: [**1**] Plaintiff was placed in Unit-2, B-wing, in a filthy cell in the Start Unit, upon his arrival at ICF; [**2**] Defendant Brant [Brandt] denied him his legal papers on March 15, 2018; [**3**] Defendant Lahr refused to provide Plaintiff his legal property on March 15, 2018; [**4**] Defendant Powell failed to ensure that Defendant Lahr gave Plaintiff his legal papers on March 19, 2018; [**5**] Defendant Powell denied Plaintiff envelopes on March 20 and March 23, 2018; [**6**] Brant [Brandt] denied him his blue footlockers; [**7**] Defendant Conklin refused to give him his legal property on March 22, 2018; [**8**] Defendant Elliot denied him his legal materials on March 30, 2018, and threatened to attack Plaintiff if he asked again, because Plaintiff had already filed too many papers against correctional officers; [**9**] Defendant Watkins denied Plaintiff his legal papers on April 3, 2018, stating that Plaintiff had filed to many grievances against Watkins' coworkers; [**10**] Defendant Powell informed Plaintiff on April 6, 2018, that he would not get his legal property until he respected officers and stopped filing grievances; [**11**] on April 9, 2018, Defendant Salinas told Plaintiff that he could not have his legal property because he filed a grievance against Defendant Brant; and [**12**] on April 10, 2018, Defendants Conklin and Elliot denied Plaintiff access to the exercise yard and denied him laundry service. (Compl., ECF No. 1, PageID.48-51.)

The Court dismissed Claim 1 because it failed to state a cause of action. *Id.* at PageID.176-178.    However, the Court concluded that for purposes of initial screening, "Plaintiff's numerous allegations that Defendants retaliated against him for filing grievances and lawsuits by depriving him of his legal materials" stated actionable claims against defendants Powell, Brandt, Lahr, Conklin, Salinas, Elliott, and Watkins.    *Id.* at PageID.178.    Based on this opinion, the Court dismissed MDOC Director Washington and ordered service on defendants Powell, Brandt, Conklin, Salinas, Elliott, and Watkins.    *See* Order for Partial Dismissal and Partial Service (ECF No. 7).[1]  Later, the Court reconsidered plaintiff's claim against Director Washington, concluded that plaintiff adequately stated a claim that Director Washington "violated his First and Fourteenth Amendment rights by implementing a policy of destroying incoming legal mail envelopes", and

---

[1] As discussed in § II, it appears that the Court should not have served CO Simon.

reinstated Director Washington as a defendant in this action.   For purposes of this Report, the undersigned will refer to plaintiff's reinstated claim against Director Washington as Claim 13.

## II.      Defendant CO Simon

Defendants point out that plaintiff did not allege any claim of retaliation against CO Simon and that this defendant should be dismissed.   The Court agrees.   Because none of plaintiff's claims against CO Simon survived, it appears that this defendant should have been dismissed as part of the order regarding partial service entered on August 6, 2018 (ECF No. 7). Accordingly, the Court should enter an order dismissing defendant Simon consistent with the opinion entered on August 6, 2018 (ECF No. 6).

## III.     Defendants' motion for summary judgment

### A.      Legal standard for summary judgment

Defendants seek summary judgment on the ground that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.   "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

4

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.   Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).    "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party."   *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

## B.   Failure to Exhaust

### 1.   Exhaustion requirement

The PLRA provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies.   *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).   A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.   One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court.   This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007).   In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and

other applicable procedural rules.   *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

"Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to

'properly exhaust.'"   *Jones*, 549 U.S. at 218.

### 2.    MDOC Grievance process

The MDOC requires prisoners to follow a three-step process to exhaust grievances.

*See* Policy Directive 03.02.130 (effective July 9, 2007).   A prisoner must first attempt to resolve

a problem with the staff member within two business days of becoming aware of the grievable

issue, unless prevented by circumstances beyond his or her control.   *Id.* at ¶ P.   If the issue is not

resolved, then the grievant may file a Step I grievance on the prescribed form within five business

days after the grievant attempted to resolve the issue with appropriate staff.   *Id.* at ¶¶ P and R.

The Policy Directive provides the following directions for completing grievance forms:

> The issues should be stated briefly but concisely.   Information provided is to be
> limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where,
> why, how).   Dates, times, places and names of all those involved in the issue being
> grieved are to be included.

*Id.* at ¶ R (emphasis in original).   The prisoner must send the Step I grievance to the appropriate

grievance coordinator.   *Id.* at ¶ V.   If the prisoner is dissatisfied with the Step I response, or does

not receive a timely response, he must request the appropriate form and send it to the Step II

Grievance Coordinator.   *Id.* at ¶ BB.   Finally, if a prisoner is dissatisfied with the Step II

response, or does not receive a timely response, he must send a completed Step III grievance, using

the appropriate form, to the Grievance and Appeals Section.   *Id.* at ¶ FF.

### 3.    Discussion

### A.    Records in support of defendants' motion

6

In support of their motion for summary judgment, defendants have submitted 178 pages of records related to plaintiff's MDOC Step III Grievance Report with copies of grievances responded to through Step III (ECF No. 24-2).   Defendants also filed the Affidavit of Lisa Becher, who was employed by the MDOC as the grievance coordinator at ICF during the times relevant to plaintiff's lawsuit.   *See* Becher Aff. (ECF No. 24-3).   In this affidavit, Becher referred to ¶¶ 83 through 92 of plaintiff's complaint, in which plaintiff stated that he filed a number of grievances, some of which were not assigned a grievance identifier.   *Id*. at PageID.462.   Becher noted that plaintiff attached copies of these grievances to his complaint some months later on August 20, 2018.   *Id*.

Becher's affidavit included copies of "those grievance documents filed by Jackson, #748757, during the time period at issue here."   *Id*. at PageID.462.   Those include the following grievances: ICF 18-03-389-03F ("389") (incident March 19, 2018) (PageID.464-467); ICF 18-03-393-28c ("393") (incident March 15, 2018) (PageID.468-471); ICF 18-04-423-19z ("423") (incident March 16, 2018) (PageID.472-475); ICF 18-04-451-28T ("451") (incident March 16, 2018) (PageID.476-479); ICF 18-04-452-28I ("452") (incident March 26, 2018) (PageID.480-483); ICF 18-04-453-28I ("453") (incident March 22, 2018) (PageID.484-487); ICF 18-04-454-28I ("454") (incident March 28, 2018) (PageID.488-489); ICF 18-04-456-28c ("456") (incident April 3, 2018) (PageID.490-493); ICF 18-04-519-17B ("519") (incident date April 9, 2018) (PageID.494-495); ICF 18-04-537-27z ("537") (incident date April 9, 2018) (PageID.496-499); and, ICF 18-04-543-27a ("543") (incident date April 17, 2018) (PageID.500-503).

Plaintiff's attachment included copies of the Step I form for grievances 389, 393, 423, 451, 452, 453, 454, 456, 519, 537 and 543.   Attachments (ECF No. 8).   Plaintiff also

attached copies of grievances which had no grievance numbers (*i.e.*, proof that they were filed) and which referred to incidents on the following dates in 2018: March 16th; March 22nd; April 4th; April 5th; April 10th; and, April 27th. *Id*.

### B.    Claim 13

Defendants point out that none of the exhausted grievances identify Director Washington.   Defendants' Brief (ECF No. 24, PageID.275). For this reason, plaintiff has failed to properly exhaust Claim 13 directed against Director Washington.   *See Jones*, 549 U.S. at 218-19; *Woodford*, 548 U.S. at 90-93.   As discussed, *infra*, plaintiff's response did not address any particular grievance.   Accordingly, defendant Washington's motion for summary judgment should be granted as to Claim 13 and she should be dismissed from this action.

### C.    Claims 5, 8, 9, 10, 11 and 12

Defendants point out that plaintiff did not properly exhaust any grievances related to his claims against defendants Powell, Elliott, Watkins, Salinas and Conklin alleged in Claims 5, 8, 9, 10, 11 and 12.   Defendants' Brief at PageID.276.   In support of their claim, defendants have presented plaintiff's record of grievances.   *See* Step III Grievance Report (which lists over 300 grievances which plaintiff appealed through Step III from January 12, 2012 through October 15, 2018 (ECF No. 24-2, PageID.287-371)); copies of grievances (ECF No. 24-2, PageID.372-459).   Based on this government record, there is no evidence that plaintiff properly exhausted any of these claims.[2]

---

[2] It appears to the Court that plaintiff filed this lawsuit without waiting for defendants to respond to his grievance appeals.   The earliest alleged act of retaliation occurred on March 15, 2018, only about six weeks before plaintiff signed his complaint on April 24, 2018.   *See* Compl. at PageID.61.   For example, the MDOC did not issue the Step I response to plaintiff's grievance against defendant Salinas (for alleged conduct that occurred on April 9, 2018) until April 25, 2018 – the day *after* plaintiff signed his complaint.   *See* Grievance 519 (PageID.495).

In an attempt to rebut the MDOC's evidence that he failed to properly exhaust these claims prior to filing suit, plaintiff filed a response brief which he "verified" pursuant to 28 U.S.C. § 1746.  *See* Plaintiff's Response (ECF No. 26).   As an initial matter, plaintiff cannot "verify" the legal arguments set forth in a response brief.   The gist of plaintiff's argument is that he filed and mailed "his grievances regarding the incidents in question" and that when he did not receive responses to "his grievances" at Step I, he sent kites to the grievance coordinator requesting Step II appeal forms, and that "it would not be outrageous to suggest that these Defendants would discard Plaintiff's legal mail in light of the herein misconduct Plaintiff complains of."  *Id.* at PageID.562.    To the extent plaintiff's response brief referred to "verified facts," these facts are nothing more than broad, conclusory statements such as: "Defendants threatened Plaintiff to stop complaining about them or they would see to it that Plaintiff suffers harm"; "Defendants threatened to mess up and destroy Plaintiff's legal papers if he did not stop complaining"; and, "Defendants threatened to beat Plaintiff to death if he filed any paperwork (grievances) against them." Plaintiff's conclusory statements, unsupported by specific facts, are not sufficient to rebut the record of plaintiff's grievance filings at the summary judgment stage of proceedings.   *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009).   Based on this record, the Court concludes that Claims 5, 8, 9, 10, 11, 12 and 13 (*see infra*) are not properly exhausted.

In reaching this determination, the Court is aware that some of the 261 paragraphs in plaintiff's verified complaint include allegations regarding grievances.   However, plaintiff makes no effort to explain how any of these allegations established proper exhaustion of his retaliation claims or excused him from properly exhausting grievances related to those claims.

> The Court has no duty to scour the record to find factual support for a party's claims.  *Magnum Towing & Recovery v. City of Toledo*, 287 Fed. Appx. 442, 449

9

> (6th Cir. 2008) ("It is not the district court's . . . duty to search through the record
> to develop a party's claims; the litigant must direct the court to evidence in support
> of its arguments before the court.")  Further, it is not the Court's duty to search
> through the record attached to a *different filing altogether*.

*Thomas v. Abercrombie & Fitch Co.*, 301 F. Supp. 3d 749, 754 (E.D. Mich. 2018) (emphasis in original).  In short, "[i]t is not sufficient for [plaintiff] to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones."  *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997).

In summary, plaintiff failed to properly exhaust Claims 5, 8, 9, 10, 11 and 12.  *See Jones*, 549 U.S. at 218-19; *Woodford*, 548 U.S. at 90-93.  Accordingly, defendants should be granted summary judgment as to these claims.  In addition, because these are the only claims which involve defendants Elliot, Watkins, and Salinas, these three defendants should be dismissed from this action.

### D.    Claims 3 and 4

These two claims involve defendants' failure to provide plaintiff with his legal property.  In Claim 3, plaintiff alleged that CO Lahr retaliated against him by refusing to provide plaintiff with his legal property on March 15, 2018.  Then, in Claim 4, plaintiff alleged that Counselor Powell retaliated against him by failing to ensure that CO Lahr gave plaintiff his legal papers on March 19, 2018.  Grievance 393 dated March 19, 2018, arguably refers to these incidents.  *See* Defendants' Brief (ECF No. 24, PageID.277).  This grievance described an incident on March 15, 2018, in which Counselor Powell allegedly refused to provide plaintiff with legal papers and, also refused to intervene when CO Lahr refused to provide the papers.  For purposes of this report, the Court will assume that Grievance 393 was plaintiff's attempt to resolve his problem with CO Lahr and Counselor Powell.  Nevertheless, Grievance 393 did not properly

exhaust these claims, because it was rejected for containing multiple unrelated issues.   *See* Grievance 393 (ECF No. 24-3, PageID.469).   The rejection of the grievance was upheld through Steps II and III.   Grievance 393 (ECF No. 24-2, PageID.452-455).   Furthermore, plaintiff did not complete exhaustion of the "rejection" issue until long after he filed this lawsuit; the MDOC denied the Step III appeal on October 31, 2018 – more than six months after plaintiff filed his complaint (PageID.452).   Based on this record, plaintiff has failed to properly exhaust Claims 3 and 4.   *See Jones*, 549 U.S. at 218-19; *Woodford*, 548 U.S. at 90-93.   Accordingly, defendants should be granted summary judgment with respect to Claims 3 and 4 for lack of proper exhaustion.   In addition, because the only claim involving CO Lahr is contained in Claim 3, Lahr should be dismissed from this action.

### E.    Claims 2, 6, and 7

Defendants' motion does not address exhaustion with respect to Claim 2 (CO Brandt denied plaintiff legal papers on March 15, 2018), Claim 6 (CO Brandt denied plaintiff his blue footlockers), and Claim 7 (CO Conklin refused to give plaintiff his legal property on March 22, 2018).   Accordingly, the Court finds no basis to grant summary judgment on these claims.

### IV.    Summary

In summary, the Court concludes that plaintiff's Claims 1, 3, 4, 5, 8, 9, 10, 11, 12 and 13 are not properly exhausted, and that defendants are entitled to summary judgment on these claims.   The Court further concludes that defendants have failed to meet their burden with respect to Claims 2, 6 and 7, and that this case should proceed against defendants Brandt and Conklin on those three claims.

## V.    Recommendation

For the reasons set forth above,

I respectfully recommend that defendants' motion for summary judgment (ECF No. 23) be **GRANTED** as to plaintiff's Claims 1, 3, 4, 5, 8, 9, 10, 11, 12 and 13, and that defendants Powell, Washington, Lahr, Salinas, Elliot and Watkins be **DISMISSED** from this action.

I further recommend that defendants' motion for summary judgment (ECF No. 23) be **DENIED** as to plaintiff's Claims 2, 6, and 7, and that this case proceed against defendants Brandt and Conklin as to those three claims.

I further recommend that defendant Simon be **DISMISSED** for the reasons set forth in the Court's opinion entered on August 6, 2018 (ECF No. 6).

I further recommend that this case should proceed as to the alleged retaliation set forth in Claim 2 (defendant Brandt denied plaintiff legal papers on March 15, 2018), Claim 6 (defendant Brandt denied plaintiff his blue footlockers), and Claim 7 (defendant Conklin refused to give plaintiff his legal property on March 22, 2018).

Dated:   August 27, 2019                          /s/ Ray Kent
                                                  United States Magistrate Judge

**ANY OBJECTIONS** to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.   All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).   Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.   *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).