UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DOUGLAS CORNELL JACKSON,

      Plaintiff,

v.

HEATHER POWELL, *et al.*,

      Defendants.
_____/

CASE NO. 1:18-CV-466

HON. ROBERT J. JONKER

# ORDER APPROVING AND ADOPTING
# REPORT AND RECOMMENDATION
# and
# DENYING MOTION TO APPOINT COUNSEL

*1.*     *Report and Recommendation*

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 30) and Plaintiff's Objections (ECF No. 34). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself and Plaintiff's Objections. The Court finds the Magistrate Judge's Report and Recommendation factually sound and legally correct.

The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' arguments, and the governing law. Plaintiff's objections do not address the Report and Recommendation in a persuasive way. Plaintiff principally reiterates and expands arguments he has already raised and which the Report and Recommendation properly addressed. None of Plaintiff's objections change the fundamental analysis in this matter. It is appropriate to grant summary judgment in favor of defendants as to Plaintiff's Claims 1, 3, 4, 5, 8, 9, 10, 11, 12, and 13, and to dismiss Defendant Simon, for the very reasons the Report and Recommendation details.

    2.    *Motion to Appoint Counsel*

Plaintiff's Objections include a Motion for Appointment of Counsel. (ECF No. 34, PageID.603-04). Whether to grant the request is a matter within the Court's discretion. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Generally, Courts grant such requests only in exceptional cases. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993) (the decision to deny a civil litigant's request for counsel will be overturned only when the denial of counsel results in "fundamental unfairness impinging on due process rights"). In determining whether appointment of counsel is warranted, courts consider the complexity of the issues, procedural posture of the case, and the Plaintiff's apparent ability to prosecute the action without the help of counsel. *See id.* at 606. The Court has considered these factors and concludes that appointment of counsel is not warranted at this time.

    **ACCORDINGLY, IT IS ORDERED**:

    1.    The Report and Recommendation of the Magistrate Judge (ECF No. 30) is **APPROVED AND ADOPTED** as the opinion of the Court.

2.  Defendants' Motion for Summary Judgment (ECF No. 23) is **GRANTED** as to Plaintiff's Claims 1, 3, 4, 5, 8, 9, 10, 11, 12, and 13, and Defendants Powell, Washington, Lahr, Salinas, Elliot, and Watkins are **DISMISSED** from this action.

3.  Defendants' Motion for Summary Judgment (ECF No. 23) is **DENIED** as to Plaintiff's Claims 2, 6, and 7. The case may proceed against Defendants Brandt and Conklin as to the alleged retaliation set forth in Claim 2 (Defendant Brandt denied plaintiff legal papers on March 15, 2018), Claim 6 (Defendant Brandt denied plaintiff his blue footlockers), and Claim 7 (Defendant Brandt refused to give plaintiff his legal property on March 22, 2018).

4.  Defendant Simon **is DISMISSED** from the case.

5.  Plaintiff's Motion for Appointment of Counsel (ECF No. 34) is **DENIED**.


Dated:   September 25, 2019          /s/ Robert J. Jonker
                                                      ROBERT J. JONKER
                                                      CHIEF UNITED STATES DISTRICT JUDGE