UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS CORNELL JACKSON,

        Plaintiff,

v.

HEATHER POWELL, *et al.*,

        Defendants.

_____/

Case No. 1:18-cv-466

Hon. Robert J. Jonker

## REPORT AND RECOMMENDATION

      This is a *pro se* civil rights action brought by plaintiff, Douglas Cornell Jackson, a state prisoner incarcerated at a Michigan Department of Corrections (MDOC) facility pursuant to 42 U.S.C. § 1983.  According to defendants, Jackson has refused to participate in discovery.  This matter is now before the Court on defendants' "Motion to dismiss plaintiff's claims for failure to cooperate in discovery" (ECF No. 54) and Jackson's response which he designated as "Pro se motion to deny defendants' motion to dismiss" (ECF No. 60).

### I.      Background

      On April 26, 2018, Jackson filed a 261-paragraph complaint claiming that nine defendants violated his federal constitutional rights during his brief incarceration at the Ionia Correctional Facility (ICF).  *See* Compl. (ECF No. 1). [1]  The Court dismissed a number of claims on initial screening.  *See* Opinion and Order (ECF Nos. 6 and 7).  After resolving defendants' motion for summary judgment based on failure to exhaust administrative remedies, the Court

---

[1] In addressing whether Jackson exhausted his claims, the Court observed that the complaint "appear[s] to concern every matter with which Plaintiff has been unhappy between the date he was transferred to ICF [Ionia Correctional Facility] (March 13, 2018), and the date he filed his complaint (April 24, 2018)." R&R (ECF No. 30, PageID.570).

entered an Amended Case Management Order (CMO) which identified the three First Amendment retaliation claims which are at issue in this lawsuit:

Claim 2.    Defendant Brandt denied plaintiff legal papers on March 15, 2018.

Claim 6.    Defendant Brandt denied plaintiff his blue footlockers.

Claim 7.    Defendant Conklin refused to give plaintiff his legal property on March 22, 2018.

*See* Amended CMO (ECF No. 38). The Amended CMO set a discovery completion deadline of March 2, 2020, and a dispositive motion filing deadline of April 13, 2020. *Id*.

Defendants sought two extensions of the pretrial deadlines. First, Jackson's deposition scheduled for February 12, 2020 was cancelled due to the unexpected closure of the Attorney General's Office due to lack of heat. *See* email (ECF No. 47-2, PageID.644). The deposition was rescheduled for February 28, 2020. However, the second deposition was cancelled due to Jackson's disruptive behavior at AMF, which involved him breaking a light fixture in a shower stall, refusing an order to leave the stall, and being placed in soft restraints. *See* Capt. Chet Drums Aff. (ECF No. 47-3). On March 4, 2020, the Court granted defendants' motion for an extension of time to complete discovery and entered a second amended CMO which required that discovery be completed by April 6, 2020, and that all pre-trial motions be filed by May 24, 2020 (ECF No. 48).

Defendants' counsel attempted to conduct Jackson's deposition on March 13, 2020. However, Jackson refused to answer questions. *See* Deposition Trans. (ECF No. 55-1). After stating his position that the deposition was a "dialogue" between "counsel", Jackson would not allow defendants' counsel to question him and walked out. *Id*. at PageID.724-725.[2] On March

---

[2] A few days later, Jackson filed a petition for mandamus which the Court addressed in a separate order (ECF No. 75).

27, 2020, defendants filed the present motion to dismiss this action for failure to prosecute pursuant to Fed. R. Civ. P. 41 (ECF No. 54).

## II.    Legal standard

Fed. R. Civ. P. 41 provides in pertinent part that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  "The dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff."  *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (internal quotation marks omitted).  " 'Contumacious' is defined as 'perverse in resisting authority' and 'stubbornly disobedient.' "  *Schafer v. City of Defiance Police Department*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Webster's Third New International Dictionary* 497 (1986)).

The Sixth Circuit "consider[s] four factors in assessing the appropriateness of a district court's decision to dismiss a complaint for failure to prosecute":

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Mulbah v. Detroit Board of Education*, 261 F.3d 586, 589 (6th Cir. 2001).  "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Id*. at 591.

In evaluating these factors, this Court is guided by *Little v. Yeutter*, 984 F.2d 160 (6th Cir. 1993) in which the court explained that:

There are competing concerns which guide whether a court should dismiss an action for failure to prosecute. On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. On the other hand is the policy which favors disposition of cases on their merits. In recognizing those competing concerns, this circuit has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff. Absent a showing of a clear record of delay or contumacious conduct, the order of dismissal is an abuse of discretion, such that the district court is limited to lesser sanctions designed to achieve compliance.

*Little*, 984 F.2d at 162 (internal citations omitted).

### III.    Discussion

### A.    Willfulness, bad faith, or fault

"For a plaintiff's actions to be motivated by bad faith, willfulness, or fault, his conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu*, 420 F.3d at 643 (internal quotation marks and brackets omitted). Here, defendants scheduled Jackson's deposition three times. The first deposition was cancelled because defendants' counsel could not enter their office building to conduct the deposition. After this incident, defendants sought a short extension to complete discovery beyond the March 2, 2020 deadline. The Court granted a short extension to April 6, 2020. *See* Second Amended CMO. The second deposition was cancelled because Jackson engaged in misconduct that day which made him unavailable.

While Jackson presented himself for the third deposition on March 13, 2020, he refused to be deposed. Before the deposition commenced, Jackson stated "so I do want to say something and I'm going to say something, and if you don't allow me then I can leave and then you can get a court order, all right?" Dep. Trans. (ECF No. 55-1, PageID.721). Jackson went on to express his intent not to participate in the deposition, stating among other things that "I'm not

4

prepared because I don't understand the things I am supposed to have," "I don't know the limitations on your questions," "I don't know the limitations so I don't want you to misuse the limitations," and "[y]ou might go beyond the scope of the procedure, and I wouldn't know it because I haven't had any legal information provided to me concerning these procedures." Id. at PageID.722-723.

Defense counsel attempted to re-direct Jackson to the deposition stating,

> I need to cut you off so that I can go over the deposition and explain some things to you.  I need you to stop talking and allow me to finish a sentence[.]

*Id*. at PageID.724.  However, Jackson continued stating, "if we was in a court would you tell the attorney to stop speaking or would you sit there and listen because  . . . this is a dialogue." *Id*. at PageID.723-724.

When defendants' counsel advised Jackson that she would file a motion, he left the room:

> Q.     -- I'm going to end this deposition right now and file a motion before the court if you do not let me complete a sentence.
>
> A.     That's fine with me.  Have a good morning.
>
> Q.     Mr. Jackson I'll note for the record is standing up and walking out.  We'll go off the record.

*Id*. at PageID.724-725.

Jackson was aware of the deposition process, having been deposed in the past.  For example, Jackson was deposed in another one of his lawsuits on January 2, 2019, and May 29, 2019.  *See Jackson v. Kokko*, 2:18-cv-15 (W.D. Mich.) (Deposition Transcripts at ECF Nos. 43-3

and 66-3).[3]  Jackson has filed at least 12 prisoner civil rights actions in the Western District of Michigan since 2016.

Furthermore, Jackson cannot refuse to cooperate in a deposition due to an alleged ignorance of the law.  "*Pro se* litigants are required to follow the rules of civil procedure."  *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999).  A *pro se* plaintiff "volitionally assumes the risks and accepts the hazards which accompany self-representation." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). *See also, Eagle Eye Fishing Corporation v. United States Department of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994) ("[w]hile courts have historically loosened the reins for *pro se* parties, the right of self-representation is not a license not to comply with relevant rules of procedural and substantive law") (internal citations and quotation marks omitted).

Based on this record, the Court concludes that Jackson's refusal to cooperate during his March 13, 2020 deposition was contumacious conduct intended to thwart the judicial proceedings.  For this reason alone, this case should be dismissed for lack of prosecution.  *See Mulbah*, 261 F.3d at 591.  *See also*, *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

### B.    Prejudice

The second factor that the Court must consider is whether defendants were prejudiced by Jackson's conduct.  *See Wu*, 420 F.3d at 643-44.  Discovery in this case is closed. Defendants' should not be required to seek another extension of the discovery deadline or expend further effort on this case.  Jackson cannot file a lawsuit and then obstruct the defense by refusing

---

[3] The Court notes that Jackson refused to participate in the January 2, 2019, deposition because of alleged "threats that were made to me as relates to this deposition" by prison guards.  *Jackson v. Kokko*, 2:18-cv-15 (ECF No. 43-3, PageID.813-814).  The Court later denied Jackson's "Emergency Motion to Stop Threats of Death, Physical Harm and Other Harassment During the Pendency of this Civil Action by Prison Guard Douglas Black."  *Id.* (Order) (ECF No. 60).

to answer questions and walking out of his deposition.  Based on this record, the Court concludes that defendants have been prejudiced by Jackson's conduct.

### C.    Fair warning

The Court must also consider whether Jackson was warned that failure to cooperate in discovery could lead to dismissal.  The Sixth Circuit "has repeatedly reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal." *Wu*, 420 F.3d at 644 (internal quotation marks omitted).  However, the "fair warning" requirement does not apply when the plaintiff engaged in contumacious conduct.  As the Sixth Circuit stated in *Harris*, "in the absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal *unless* the derelict party has engaged in bad faith or contumacious conduct." *Harris*, 844 F.2d at 1256 (internal quotation marks omitted) (emphasis added).

As discussed, Jackson was aware of his responsibility to participate in the deposition.  This Court did not warn Jackson that his refusal to participate in discovery could result in the dismissal of his case because the issue did not arise during the previously scheduled depositions.  It was not until the third deposition that Jackson decided that he would not allow defendants' counsel to depose him. Because Jackson's actions constituted "bad faith or contumacious conduct," the fair warning requirement does not apply.

### D.    Alternative sanctions

Finally, the Court should consider whether less drastic sanctions should be imposed before dismissing the action.  *See Mulbah*, 261 F.3d at 589.  "The sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and no alternative

7

sanction would protect the integrity of the pretrial process." *Id*. at 594 (emphasis omitted).  While *Mulbah* referred to the actions of an attorney, this rule applies with equal force to a *pro se* plaintiff such as Jackson, who is acting as his own attorney.  Here, the Court can find no such alternative sanction.   If the Court issued a lesser sanction related to the deposition, such as barring Jackson from presenting the testimony that would have been disclosed at his deposition, then Jackson would be barred from presenting the main evidence in his case.  Furthermore, the Court is unaware of any lesser sanction which would protect the integrity of the pretrial process when a *pro se* plaintiff refuses to comply with the pre-trial discovery procedure.

### E.    Conclusion

For all of these reasons, the Court concludes that Jackson's lawsuit should be dismissed for lack of prosecution.

### IV.    Recommendation

For the reasons set forth above, I respectfully recommend that defendants' motion to dismiss (ECF No. 54) be **GRANTED**, that Jackson's motion (ECF No. 60) be **DENIED**, and that this action be **DISMISSED**.


Dated:  December 9, 2020                          /s/ Ray Kent
                                                          RAY KENT
                                                          United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).