UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS CORNELL JACKSON,

      Plaintiff,

v.

HEATHER POWELL, *et al.*,

      Defendants.

_____/

CASE NO. 1:18-CV-466

HON. ROBERT J. JONKER

## **ORDER**

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 76), Plaintiff's Objections (ECF Nos. 78 and 79), and Defendants Brant and Conklin's Response (ECF No. 81). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections.

Defendants Brant and Conklin move to dismiss the claims against them as a sanction for Plaintiff's alleged failure to participate in discovery. The Magistrate Judge recommends granting the motion. The Report and Recommendation describes three unsuccessful attempts to conduct a deposition with Plaintiff. The first attempted deposition, scheduled for February 12, 2020, was canceled due to a lack of heat at the Attorney General's office, not any misconduct by Plaintiff. (ECF No. 76, PageID.801; ECF No. 47-2, PageID.644). The rescheduled deposition, set for February 28, 2020, was cancelled due to a disciplinary action against Plaintiff based on his disruptive behavior at AMF. (ECF No. 76, PageID.801; ECF No. 47-3). On March 13, 2020. Defendants' counsel attempted a third time to conduct Plaintiff's deposition, but Plaintiff refused to answer questions. (ECF No. 76, PageID.801; ECF No. 55-1). This third deposition attempt is the focal point of the motion.

The Court agrees with the defense and the Magistrate Judge that Plaintiff violated the discovery rules by refusing to answer questions put to him by defense counsel at the deposition. Even though Plaintiff is proceeding without counsel and may therefore have reason to lodge an objection or seek clarification during a deposition in the same way an attorney might, Plaintiff must ultimately provide direct answers to the questions of defense counsel. As in any other deposition, the answer may be subject to properly preserved objections, but the answer must nevertheless be provided directly and under oath. Here, Plaintiff's unilateral decision to terminate the deposition without answering the questions put to him violated Rules 30 and 37, and he is properly subject to sanctions for that.

The Court does not agree with the defense or the Magistrate Judge that the appropriate sanction is dismissal, however. Nor does the Court agree that the proper analysis is under Rule 41

in this instance. Sanctions for a discovery violation, up to and including dismissal, should be assessed under Rule 37. According to Wright & Miller:

> [D]ismissal as a sanction to enforce the discovery rules is covered by Rule 37. Indeed, according to many courts, reliance on Rule 41, or on the court's inherent power, as authority for dismissal for failure to comply with a discovery order is improper since Rule 37 is the exclusive source of authority for dismissal on this ground, although some courts have relied on both Rule 37 and Rule 41.

9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2369, at 710-11 (4th ed. 2020); *see, e.g., Bullard v. Roadway Exp.*, 3 F. App'x 418 (6th Cir. Feb. 5, 2001) (applying these general rules).

Under Rule 37, dismissal is not yet warranted as a sanction. The first step for discovery sanctions related to a deposition is a motion seeking an order of the Court compelling the offending party to answer. FED. R. CIV. P. 37(a)(3)(B)(i). Under this section, then, the defense is entitled to entry of an Order in this case compelling Plaintiff to answer questions put to him during his deposition. The defense may notice and proceed with Plaintiff's deposition at any time within the next forty-five days, notwithstanding any previous scheduling order putting a time limit on completion of discovery. If Plaintiff fails to comply with this Order, by failing to appear for his deposition, or by refusing to answer questions or providing evasive or incomplete answers, or in any other way, the defense may move for other sanctions, up to and including dismissal, under Rule 37(b).

The defense motion (ECF No. 54) and the Magistrate Judge's Report and Recommendation (ECF No. 76) are granted and approved only to the extent provided in this Order and are denied and rejected in all other respects. Plaintiff's motion to deny Defendant's Motion to Dismiss (ECF No. 60) is dismissed as moot. This Order compels Plaintiff under Rule 37 to appear for his duly noticed deposition and answer questions put to him fully and completely, without evasion. The

defense must notice and arrange for the deposition within the next forty-five (45) days. The parties may submit a motion or stipulation addressing appropriate new deadlines for any additional discovery that may be needed, and for dispositive motions.

The Court finds that an award of courts under Rule 37(a)(5)(A) would not be just given Plaintiff's status as an incarcerated and *in forma pauperis* litigant.

**IT IS SO ORDERED**.

Dated:   January 27, 2021              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE